RONNIE WEST,

     Petitioner,

V.

GREGORY KIZZIAH, Warden,

     Respondent.

Civil Action No. 7: 17-62-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Ronnie West has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] This matter is before the Court to conduct the initial screening required by 28 U.S.C. § 2243. *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

In his petition, West states that he pled not guilty to possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1), but was found guilty by a jury. [R. 1 at 3] West's statement, made under penalty of perjury [R. 1 at 7], is false. When West was arrested in July 2001, he gave police a fake name – Remal Walker. "Remal Walker" pled guilty, but his subterfuge was exposed prior to sentencing.

The government discovered that under his real name, West had three or more prior felony drug convictions and hence was subject to a mandatory sentence of life imprisonment pursuant to 21 U.S.C. § 841(b)(1)(A). But the trial court denied a prosecution motion to vacate the guilty plea in order to permit it to file the notice required by 21 U.S.C. § 851. Instead, at sentencing the three prior felony drug convictions were used as a basis to conclude that West was a career offender under §4B1.1(a) of the Sentencing Guidelines, resulting in a sentencing range of 360

months to life imprisonment.  *West v. United States*, No. 04-CV-3148, 2006 WL 37040, at *1

(C.D. Ill. Jan. 5, 2006).  In June 2002 the trial court imposed a life sentence, and the Seventh

Circuit affirmed on direct appeal.  *United States v. West*, No. 3: 01-CR-30084-JES-01 (S.D. Ill.

2001), *aff'd*, 321 F. 3d 649 (7th Cir. 2003).

In his petition, West acknowledges that had at least three prior felony drug offenses, but

contends that in light of the Supreme Court's recent decision in *Molina-Martinez v. United

States*,  __ U.S. __, 136 S. Ct. 1338 (2016), they should have been treated as "related" and

therefore counted as only one predicate offense.  This is so, he contends, because the three

offenses were resolved in a single plea agreement and he was sentenced for all of them on the

same day.  [R. 1 at 4, 9-10]

However, West's petition necessarily fails because *Molina-Martinez* says nothing

whatsoever about the propriety of the enhancement of his sentence.  In that case, the Supreme

Court held only that where a federal district court applies the wrong guidelines range at

sentencing, that error – without more – affects the defendant's "substantial rights," thus

permitting review for "plain error" under Federal Rule of Criminal Procedure 52(b) assuming

other conditions are also met.  136 S. Ct. at 1345-46.  It is true that the background error in

*Molina-Martinez* was misapplication of the "related offense" provision in Section 4A1.2(a)(2),

but the Supreme Court's opinion says nothing of substance about that provision.

Because West's petition is not based upon a subsequent, retroactively-applicable

Supreme Court decision which establishes that his sentence was improperly enhanced, *Hill v.

Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016), it affords no basis for relief.

Accordingly, **IT IS ORDERED** as follows:

1.       Petitioner Ronnie West's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2.       This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3.       Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

Entered March 5, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY